## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## EASTERN DISTRICT OF TENNESSEE

In re

                                         Case No. 05-37659

HAROLD DEAN ROBBINS
d/b/a ROBBINS CONSTRUCTION CO.

                Debtor


        REGINA KAY TOMBLIN, Conservator for
        Hazel Crabtree

                Plaintiff

           v.                               Adv. Proc. No. 06-3067

        HAROLD DEAN ROBBINS,
        JEAN A. ROBBINS, and
        FIRST NATIONAL BANK
        OF LaFOLLETTE

                Defendants


## MEMORANDUM ON MOTION TO DISMISS
## AND/OR FOR SUMMARY JUDGMENT

**APPEARANCES**:    MARK W. STRANGE,, ESQ.
                19461 Alberta Street
                Suite C
                Post Office Box 5270
                Oneida, Tennessee  37841
                Attorney for Plaintiff

                DAVID A. WINCHESTER, ESQ.
                Post Office Box 1733
                LaFollette, Tennessee  37766
                Attorneys for Defendant/Debtor


**RICHARD STAIR, JR.**
**UNITED STATES BANKRUPTCY JUDGE**

This adversary proceeding is before the court upon the Complaint Under § 523(c) of the Bankruptcy Code to the [sic] Determine the Dischargeability of a Debt (Complaint) filed by the Plaintiff, Regina Tomblin, in her capacity as Conservator for Hazel Crabtree (Ms. Crabtree), on March 30, 2006, asking the court to award her a judgment against the Defendant/Debtor (Debtor), plus pre-judgment and post-judgment interest and attorneys' fees, and to make a determination that the judgment is nondischargeable under 11 U.S.C.A. § 523(a)(2), (4), and/or (6) (West 2004).[1]  The Debtor filed an Answer on August 22, 2006, and an Amended Answer on August 29, 2006.

Presently before the court is the Motion to Dismiss and/or for Summary Judgment (Motion for Summary Judgment) filed by the Debtor on August 31, 2006, arguing that no genuine issues of material fact exist and that he is entitled to a judgment as a matter of law.  Accompanying the Motion for Summary Judgment are the Statement of Undisputed Material Facts and the Brief in Support of Motion to Dismiss and/or for Summary Judgment.  On September 20, 2006, the Plaintiff filed an Objection to Motion to Dismiss and/or for Summary Judgment (Response), accompanied by the Affidavit of Johnny V. Dunaway, the Response to Defendant's Statement of Undisputed Material Facts, the Plaintiff's Statement of Additional Undisputed Material Facts,[2] and the Memorandum of Law in Support of Objection to Motion to Dismiss and/or for Summary Judgment.  In the Response, the Plaintiff argues that there are genuine issues of material fact, and therefore, the Debtor is not entitled to summary judgment based upon the facts and applicable law.

---

[1] The Complaint named Jean A. Robbins, the non-filing spouse of the Debtor, and First National Bank of LaFollette as defendants along with the Debtor; however, on September 1, 2006, the Plaintiff filed a Stipulation of Dismissal as to the Bank and Ms. Robbins.

[2] The Debtor did not respond to the Plaintiff's Statement of Additional Undisputed Material Facts, and accordingly, pursuant to E.D. Tenn. LBR 7056-1(b) and (c), the material facts set forth therein are deemed admitted.

This is a core proceeding.  28 U.S.C.A. § 157(b)(2)(I) (West 2006).

## I

The following facts are not in dispute.  The Debtor filed the Voluntary Petition commencing his case under Chapter 7 on October 15, 2005.  Prior to filing his bankruptcy case, the Debtor was involved in litigation with Ms. Crabtree regarding real property occupied by Ms. Crabtree as her residence.  The Debtor did not, however, expressly list the Plaintiff or Ms. Crabtree as a creditor in his list of creditors, on his creditor matrix, or in his schedules.

The original deadline for filing a complaint to determine the dischargeability of a debt or to object to discharge was January 30, 2006.  On January 20, 2006, the Chapter 7 Trustee filed a motion seeking to extend the time in which he could file an objection to the Debtor's discharge under 11 U.S.C.A. § 727(a) (West 2004), which was granted by an Order entered on February 14, 2006, extending the period for the Trustee to file an objection to the Debtor's discharge through March 31, 2006.  The Plaintiff did not seek and was not granted an extension of time to file a § 523(c) and/or § 727 complaint.

The Plaintiff filed the Complaint initiating this adversary proceeding on March 30, 2006.  In his Motion for Summary Judgment, the Debtor argues that there are no genuine issues of material fact, and he is entitled to judgment as a matter of law because the Complaint was not timely filed since it was filed after the January 30, 2006 deadline.

3

## II

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c) (applicable in adversary proceedings by virtue of Rule 7056 of the Federal Rules of Bankruptcy Procedure). When considering a motion for summary judgment, the court does not weigh the evidence to determine the truth of the matter asserted, but simply determines whether a genuine issue for trial exists. *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2510 (1986).

The party seeking summary judgment bears the initial burden of proving that there are no genuine issues of material fact, thus entitling it to judgment as a matter of law. *Owens Corning v. Nat'l Union Fire Ins. Co.*, 257 F.3d 484, 491 (6th Cir. 2001). The burden then shifts to the non-moving party to produce specific facts showing a genuine issue for trial, *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986), by citing specific evidence and not merely relying upon allegations contained in the pleadings. *Harris v. Gen. Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000). The facts and all resulting inferences are viewed in a light most favorable to the non-moving party, *Matsushita*, 106 S. Ct. at 1356, and the court will decide whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 106 S. Ct. at 2512. "[O]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 106 S. Ct. at 2510.

4

Based upon the facts and record presented, the court finds that there are genuine issues of material fact, and the Debtor is not entitled to judgment as a matter of law.

### III

The dischargeability of debts is governed by 11 U.S.C.A. § 523, which provides, in material part:

(a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt—

. . . .

    (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

        (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

    . . . .

    (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny; [or]

    . . . .

    (6) for willful and malicious injury by the debtor to another entity or to the property of another entity[.]

. . . .

(c)(1) Except as provided . . ., the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), [or] (6) . . . of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), [or] (6) . . . as the case may be, of subsection (a) of this section.

5

11 U.S.C.A. § 523 (West 2004).  The party seeking a determination of nondischargeability bears the

burden of proving the necessary elements by a preponderance of the evidence, *Grogan v. Garner*,

111 S. Ct. 654, 661 (1991), and § 523(a) is strictly construed against the Plaintiff but liberally in

favor of the Debtor.  *Rembert v. AT&T Universal Card Servs., Inc. (In re Rembert)*, 141 F.3d 277,

281 (6th Cir. 1998).  Furthermore, it is within the jurisdiction and authority of the bankruptcy court

to adjudicate the Plaintiff's claims and determine damages.  *Haney v. Copeland (In re Copeland)*,

291 B.R. 740, 792 (Bankr. E.D. Tenn. 2003) (citing *Longo v. McLaren (In re McLaren)*, 3 F.3d 958,

965 (6th Cir. 1993)).

Pursuant to Rule 4007(c) of the Federal Rules of Bankruptcy Procedure, a complaint for the

determination of nondischargeability of a debt under § 523(a)(2), (4), and/or (6)[3] must be filed within

---

[3] To satisfy § 523(a)(2)(A), the Plaintiff must prove that the Debtor obtained money, property, or services through material misrepresentations that he knew were false or that he made with gross recklessness, that the Debtor intended to deceive the Plaintiff, that the Plaintiff justifiably relied on the Debtor's false representations, and that the Plaintiff's reliance was the proximate cause of its losses.  *See Copeland*, 291 B.R. at 760 (citing *Rembert*, 141 F.3d at 280).  She must prove that the Debtor engaged in conduct that was somewhat "blameworthy," and his fraudulent intent may be "inferred as a matter of fact" based on the totality of the circumstances.  *Copeland*, 291 B.R. at 759.  Material misrepresentations, omissions, and actual fraud fall within the scope of § 523(a)(2)(A).  *Copeland*, 291 B.R. at 759; *see also Mellon Bank, N.A. v. Vitanovich (In re Vitanovich)*, 259 B.R. 873, 877 (B.A.P. 6th Cir. 2001) ("Actual fraud as used in 11 U.S.C. § 523(a)(2)(A) is not limited to misrepresentations and misleading omissions.").

Section 523(a)(4) allows a debt obtained by embezzlement, larceny, or through fraud or defalcation while acting in a fiduciary capacity to be nondischargeable.  11 U.S.C. § 523(a)(4).  For the purposes of § 523(a)(4), embezzlement is "the fraudulent appropriation of property by a person to whom such property has been entrusted or into whose hands it has lawfully come."  *Brady v. McAllister (In re Brady)*, 101 F.3d 1165, 1172-73 (6th Cir. 1996).  Larceny under § 523(a)(4) is proved if the debtor wrongfully and with fraudulent intent takes property from its rightful owner, *see Great Am. Ins. Co. v. O'Brien (In re O'Brien)*, 154 B.R. 480, 483 (Bankr. W.D. Tenn. 1993) (citing *Kaye v. Rose (In re Rose)*, 934 F.2d 901, 903 (7th Cir. 1991)), and differs from embezzlement because the embezzler's initial acquisition of the property at issue is lawful.  *Aristocrat Lakewood Nursing Home v. Dryja (In re Dryja)*, 259 B.R. 629, 632 (Bankr. N.D. Ohio 2001).  Defalcation under § 523(a)(4) requires proof of:  "1) a fiduciary relationship; 2) breach of that fiduciary relationship; and 3) a resulting loss."  *R.E. Am., Inc. v. Garver (In re Garver)*, 116 F.3d 176, 178 (6th Cir. 1997).

Section 523(a)(6) addresses "willful and malicious" injuries.  In order to be successful under this subsection, the Plaintiff must prove the existence of "a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury," *Kawaauhau v. Geiger*, 118 S. Ct. 974, 977 (1998), which requires that the Debtor either desired to cause the consequences of his actions, or he believed with reasonable certainty that such consequences will occur.  *Markowitz*

(continued...)

sixty days from the date of the first meeting of creditors, and if a complaint is not filed prior to that deadline, the underlying debt is discharged.  *See In re Jenkins*, 330 B.R. 625, 629 (Bankr. E.D. Tenn. 2005).  Section 523(a)(3)(B) provides the exception to this rule – if a debt falls within the scope of § 523(a)(2), (4), or (6), and it was not listed or scheduled, and the creditor did not receive or have actual knowledge of the case in time to timely file a complaint to determine dischargeability that would have been successful, the debt is nondischargeable.  *WebMD Practice Servs. v. Sedlacek (In re Sedlacek)*, 325 B.R. 202, 210 (Bankr. E.D. Tenn. 2005).

Based upon the record submitted in connection with the Motion for Summary Judgment, the court finds that there are genuine issues of material fact concerning whether the Plaintiff's Complaint falls within the scope of § 523(a)(3)(B), whereby it would not have been untimely under Rule 4007(b), which provides that complaints filed under subsections of § 523 other than (c) "may be filed at any time."  FED. R. BANKR. P. 4007(b).  In his Affidavit, Mr. Dunaway states that he is the attorney of record for Ms. Crabtree in an action pending against the Debtor in the Circuit Court for Campbell County, Tennessee, and that "prior to January 26, 2006, neither I nor anyone in my office received any notice from the Bankruptcy clerk's office, the Debtor, or his attorneys, of the filing of the Debtor's bankruptcy petition[.]"  AFF. J. DUNAWAY at ¶ 5.  Mr. Dunaway further states that he received notice on January 26, 2006, by way of the Notice of Commencement of Case sent via facsimile from the Debtor's attorney, and that he then contacted the Plaintiff's attorney of record in

---

[3](...continued)
*v. Campbell (In re Markowitz)*, 190 F.3d 455, 464 (6th Cir. 1999); *Guthrie v. Kokenge (In re Kokenge)*, 279 B.R. 541, 543 (Bankr. E.D. Tenn. 2002).

7

this adversary proceeding to initiate proceedings in the bankruptcy court.[4]  AFF. J. DUNAWAY at ¶¶

6, 7.  This testimony raises factual issues of whether the Debtor provided notice of the case in time

for the timely request for a determination of nondischargeability.  The court cannot state, without

additional proof, that notice received four days prior to the expiration of the § 523(c) bar date for

filing complaints to determine the dischargeability of a debt provided the Plaintiff with "actual

knowledge" in time to file the present action by January 30, 2006.

Because the court finds that there are genuine issues of material fact, the Debtor's Motion

for Summary Judgment filed on August 31, 2006, shall be denied.[5]

An order consistent with this Memorandum will be entered.

FILED:  October 16, 2006

BY THE COURT

/s/  RICHARD STAIR, JR.

RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE

---

[4] The Plaintiff does not dispute that Mr. Dunaway was her agent and that notice to him was imputed to her.  *See*
PL.'S STMT. OF ADD'L MATERIAL FACTS at ¶ 5 ("It was not until January 26, 2006, that Plaintiff, through her attorney
. . . was first made aware that the Debtor had filed a petition for bankruptcy relief."); *Sedlacek*, 325 B.R. at 214 - 217.

[5] As an alternate basis of relief, the Debtor seeks dismissal of the adversary proceeding.  However, a complaint
should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its]
claim which would entitle [it] to relief." *Buchanan v. Apfel*, 249 F.3d 485, 488 (6th Cir. 2001) (quoting *Conley v. Gibson*,
78 S. Ct. 99, 102 (1957)).  Because the court finds that there are material facts still at issue, the Debtor's request for
dismissal is likewise denied.